UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No. 1:14-cv-399

| | |
|---|---|
| REMINGTON ARMS COMPANY, LLC ) <br> and ) <br> CADEX, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FNH USA, LLC ) <br> ) <br> Defendant. ) | **COMPLAINT** <br> **[TRIAL BY JURY]** |

Through counsel, Plaintiffs Remington Arms Company, LLC ("Remington") and Cadex Inc. ("Cadex") (collectively "Plaintiffs") bring this patent infringement lawsuit against Defendant FNH USA, LLC ("FNH" or "Defendant"), and allege as follows:

## THE PARTIES

1. Remington is a North Carolina limited liability company with a principal place of business in Madison, North Carolina.

2. Cadex is a Canadian corporation with a principal place of business in Quebec, Canada.

3. Upon information and belief, FNH is incorporated under the laws of the State of Delaware, and has a principal place of business in McLean, Virginia.

1

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 101 *et seq.*

5. This Court has jurisdiction over Plaintiff's claims under at least 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant as, upon information and belief, Defendant has engaged in acts of infringement complained of herein in North Carolina, including sales, offers for sale, and/or distribution of infringing products. Further, upon information and belief, Defendant does systematic and continuous business in North Carolina and in this judicial district by, among other things, routinely selling and distributing its products in North Carolina to North Carolina consumers in this judicial district. Further, upon information and belief, Defendant has purposefully advertised, sold and distributed infringing product into the stream of commerce in the United States with the reasonable belief and expectation that such product would periodically flow into North Carolina.

7. The United States District Court for the Middle District of North Carolina is the appropriate venue for this action, pursuant to at least 28 U.S.C. §§ 1391 and 1400(b).

## FACTS

8. Plaintiffs own all right, title and interest to United States Patent No. 8,429,844 ("the '844 Patent"), including all rights to bring actions and recover damages for infringement thereof. The '844 Patent issued on April 30, 2013, is entitled "Modular

2

Firearm Stock System," and is directed to an improved modular firearm. A true and correct copy of the '844 Patent is attached hereto as **Exhibit A**.

9. Defendant is currently making, selling, importing, distributing and/or offering for sale modular firearms, including at least the BALLISTA, that infringe at least Claims 19 and 34 of the '844 Patent.

## COUNT ONE
**(Infringement of the '844 Patent)**

10. Plaintiffs incorporate by reference the allegations in the foregoing paragraphs, as if stated fully herein.

11. Plaintiffs own all right, title and interest to the '844 Patent.

12. Defendant has directly infringed and continues to infringe the '844 Patent by making, importing, using, offering for sale, and/or selling modular firearms, including at least the BALLISTA, that infringe at least Claims 19 and 34 of the '844 Patent, in interstate commerce, without the authorization, consent or permission of Plaintiffs.

13. Defendant's infringement has caused and will continue to cause irreparable harm to Plaintiffs unless Defendant's infringing activities are preliminarily and permanently enjoined by this Court.

14. Defendant's infringement has also caused monetary damages to Plaintiffs in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. Judgment in favor of Plaintiffs on the claim of patent infringement, including judgment that the '844 Patent has been infringed by Defendant.

2. A preliminary and permanent injunction enjoining and restraining Defendant and its officers, agents, affiliates, servants, and employees, and all persons in active concert or participation with them from:

    a. Infringing the '844 Patent; and

    b. Any importation, manufacture, assembly, advertising, promotion, offer for sell, sale, purchase, distribution, movement or transfer, or any other involvement with products that infringe the '844 Patent.

3. An order that Defendant pays to Plaintiffs such damages as Plaintiffs have sustained as a consequence of Defendant's infringement, including lost profits or a reasonable royalty.

4. An award of interest, attorneys' fees, costs, and exemplary damages, as applicable.

5. An award of such other and further relief as the Court deems just and proper.

4

## TRIAL BY JURY IS REQUESTED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issues so triable.


Dated: May 13, 2014

/s/ John F. Morrow, Jr.
John F. Morrow, Jr.
North Carolina State Bar No. 23382
David R. Boaz
North Carolina State Bar No. 44229
**WOMBLE CARLYLE SANDRIDGE & RICE, LLP**
One West Fourth Street
Winston-Salem, NC 27101
Tel: (336) 721-3584
Fax: (336) 733-8429
jmorrow@wcsr.com
dboaz@wcsr.com

*Counsel for Plaintiff Remington Arms Company, LLC*

/s/ Deborah L. Fletcher
Deborah L. Fletcher
North Carolina State Bar No. 20254
FISHER BROYLES, LLP
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
Tel: 704-464-6954
Fax: 704-731-0694
dfletcher@fisherbroyles.com

*Counsel for Plaintiff Cadex, Inc.*